UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHELLE AKINWUSI,

      Plaintiff,                        Case No. 12-15185

v.                                        Hon. Patrick J. Duggan

THE FEDERAL HOME LOAN
MORTGAGE CORPORATION,

      Defendant.

_____/

## OPINION AND ORDER

This action, brought against Defendant Federal Home Loan Mortgage
Corporation, arises out of a residential mortgage foreclosure.  Plaintiff Rachelle
Akinwusi seeks damages as well as various forms of declaratory relief to remedy an
allegedly unlawful foreclosure by advertisement.  It is undisputed that Plaintiff defaulted
under the terms of the loan agreement, that the foreclosure by advertisement is complete,
and that the redemption period expired without Plaintiff availing herself of the right to
redeem or without having converted the foreclosure by advertisement into a foreclosure
conducted with judicial oversight.  Presently before the Court is Defendant's Motion to
Dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Despite sending
notice of the Court's motion practice guidelines, Plaintiff never filed a response.  Having
determined that that oral argument would not significantly aid the decisional process, the
Court dispensed with oral argument pursuant to Local Rule 7.1(f)(2).  For the reasons
stated herein, the Court grants Defendant's Motion and dismisses Plaintiffs' Complaint.

# I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

On or about February 14, 2008, Plaintiff and her husband Johnson Akinwusi, accepted a $417,000 loan from Bank of America, N.A., and, in exchange, executed a promissory note secured by a mortgage on property located at 24455 Franklin Farms Drive, Franklin, Michigan 48025 (the "Property").  (Compl. ¶ 2; Mortgage, Def.'s Mot. Ex. 1.)  Defendant was apparently "the owner of the indebtedness, or [held] an interest in the indebtedness, secured by the mortgage."  (Statement Regarding Rights of Party with an Interest in the Indebtedness, Def.'s Mot. Ex. 2, at 8 ¶ 4.)

Plaintiff and her husband defaulted on the mortgage due to nonpayment of the monthly installment payments.  (Def.'s Br. in Supp. 7.)  On September 15, 2011, and pursuant to Michigan Compiled Laws § 600.3205, Orlans Associates, P.C., as designate for Bank of America, N.A., sent Plaintiff and her husband a letter advising them of their right to request a meeting regarding a loan modification.  (Letter, Def.'s Mot. Ex. 3.)  On September 16, 2011, notice of the same was posted in the Oakland County Legal News. (Sheriff's Deed, Aff. of Publication, Def.'s Mot. Ex. 2.)

---

[1] Plaintiff sets forth scant factual detail in her Complaint, although she does provide that (1) "Plaintiffs" claim the subject property in fee simple absolute by way of an executed warranty deed; (2) "Defendants" claim the subject property in fee simple by way of a sheriff's sale and sheriff's deed; (3) she purchased the property and resides therein; (4) she attempted to get a loan modification and/or negotiate in good faith a settlement for the subject property; (5) the sheriff's sale took place in February 2012 and the redemption period has expired; (6) that as recently as September 26, 2012, the date this Complaint was filed, Plaintiff spoke with an agent of federal home loan mortgage who clearly indicated that Federal Home Loan Mortgage allows homeowners to redeem the property before they are evicted; and (7) that since the sheriff's sale, Plaintiff and her representative have attempted in good faith to continue with "the Settlement process to no avail."  (Compl. ¶¶ 3-12.)

Plaintiff and her husband requested a meeting within fourteen days and the foreclosure proceedings were placed on hold.  (Meeting Request, Def.'s Mot. Ex. 4.)  On September 19, 2011, a letter was mailed to Plaintiff's residence confirming receipt of their request for a loan modification meeting.  (Confirmation, Def.'s Mot. Ex. 5.) Enclosed with the letter were documents to be completed and returned by Plaintiff and her husband to Orlans, as designate for Bank of America, to determine whether they qualified for a loan modification.  (*Id.*)

On September 27, 2011, Orlans received written notice of a Mediation Request from New Hope Community Development.  (Def.'s Mot. Ex. 6.)  In response, the financial package, Dodd Frank Certification form, and Request for Modification and Affidavit form was forwarded to New Hope via email.  (Email, Def.'s Mot. Ex. 7.)

On October 19, 2011, a follow-up letter was mailed to Plaintiff and her husband advising them that the financial package that was originally forwarded to them on September 19, 2011 had not been completed and returned as required by Michigan Compiled Laws § 600.3205b.  Plaintiff and her husband were also notified that the ninety-day hold period that began on September 15, 2011 would expire on December 14, 2011. (Follow-Up Letter, Def.'s Mot. Ex. 8.)

On November 10, 2011, New Hope requested a copy of the documents previously sent to them in connection with the mediation request.  (Email, Def.'s Mot. Ex. 9.) Orlans, as designate for Bank of America, again sent them via email.  (*Id.*)  Plaintiff and her husband did not return the requested financial package during the ninety-day period. As such, Bank of America initiated foreclosure by advertisement proceedings.

Notice of the sheriff's sale was first posted on December 19, 2011, and was published for four consecutive weeks in the Oakland County Legal News. (Sheriff's Deed, Def.'s Mot. Ex. 2.) The notice was also posted on the property on December 27, 2011. (*Id.*) On January 17, 2012, a sheriff's sale was held and Defendant was the successful bidder at the sale. (*Id.*)

On July 11, 2012, just days before the redemption period was to expire, Johnson Akinwusi filed for Chapter 7 bankruptcy. An Order Granting Relief from the Automatic Stay was entered on August 27, 2012. (Discharge, Def.'s Mot. Ex. 10.)

Pursuant to Michigan law, the statutory redemption period expired on July 17, 2012. Mich. Comp. Laws § 600.3240(8). Plaintiff did not redeem but alleges that "since the Sheriff Sale[,] the Plaintiff has attempted in good faith to continue with the Loan Modification process and [to] negotiate a settlement to no avail." (Compl. ¶ 33.)

On September 26, 2012, just two days after Defendant sought a possession judgment in the state court, Plaintiff filed the instant action in Oakland County Circuit Court.[2] (Compl.) Defendant removed the matter to this Court on November 26, 2012, on the grounds of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441, 1446. On December 3, 2012, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs' Complaint alleges five counts: (1) Count I – Quiet Title; (2) Count II – Assignment of the Mortgage without the Note; (3) Count III – Unjust Enrichment; (4)

---

[2] Case No. 2012-129577-CH.

Count IV – Breach of Implied Agreement/Specific Performance; and (5) Count V –

Breach of Michigan Compiled Laws § 600.3205(c).

## II.    STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) allows

the Court to make an assessment as to whether a plaintiff's pleadings have stated a claim

upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).  Under the Supreme Court's

articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corporation v. Twombly*, 550

U.S. 544, 555-56, 570, 127 S. Ct. 1955, 1964-65, 1974 (2007), the Court must construe

the complaint in favor of the plaintiff and determine whether plaintiff's factual allegations

present claims plausible on their face.  This standard requires a claimant to put forth

"enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of"

the requisite elements of their claims.  *Id.* 550 U.S. at 557, 127 S. Ct. at 1965.  Even

though the complaint need not contain "detailed" factual allegations, its "factual

allegations must be enough to raise a right to relief above the speculative level."  *Ass'n of

Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing

*Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965) (internal citations omitted); *see also* Fed.

R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and

plain statement of the claim showing that the pleader is entitled to relief [.]").

In determining whether a plaintiff has set forth a "claim to relief that is plausible

on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting

*Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974), courts must accept the factual allegations

in the complaint as true, *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.  This

presumption, however, does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.  Therefore, to survive a motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65) (internal citations and quotations omitted).

Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of [a legal transgression], the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (internal citations omitted).  In conducting its analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).   Here, the Court has considered documents relating to the mortgage and foreclosure which are referenced in the Complaint and are central to Plaintiffs' claims.

### III.   ANALYSIS

Defendant seeks dismissal of all five causes of action arguing that (1) Plaintiff lacks standing to challenge the foreclosure because the redemption period has expired and (2) Plaintiff has failed to plead fraud or an irregularity sufficient to justify the equitable extension of the redemption period.  The Court agrees that Plaintiff's Complaint

does not state a claim showing an entitlement to relief. The Court first analyzes the effect of the expiration of the redemption period and then analyzes each claim.

## A.      Expiration of the Redemption Period

In Michigan, statutory law governs foreclosure sales by advertisement. *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 50, 503 N.W.2d 639, 641 (1993). Thus, "[o]nce the mortgagee elects to foreclose a mortgage by this method, the statute governs the" entire process. *Id.* (citing Mich. Comp. Laws § 600.3201, *et seq.*). Mortgagors may redeem the foreclosed property within six months of a sheriff's sale. Mich. Comp. Laws § 600.3240(8). If no redemption is made, the sheriff's deed "become[s] operative, and [] vest[s] in the grantee named therein . . . all the right, title, and interest [] the mortgagor had[.]" *Id.* § 600.3236.

In *Piotrowski v. State Land Office Board*, the Michigan Supreme Court held that mortgagors lose "all their right, title, and interest in and to the property at the expiration of their right of redemption." 302 Mich. 179, 186, 4 N.W.2d 514, 516 (1942). This rule of law – holding that absolute title vests in the purchaser at the foreclosure sale upon expiration of the redemption period – has been applied consistently "to bar former owners from making any claims with respect to the foreclosed property after the end of the redemption period." *Hall v. Green Tree Servicing, L.L.C.*, No. 12-11811, 2012 U.S. Dist. LEXIS 85955, at *8-9 (E.D. Mich. June 21, 2012) (Edmunds, J.) (collecting cases).

There is, however, one important caveat to the general rule described above. Once a foreclosure sale has taken place and the redemption period has run, a court may allow "an equitable extension of the period to redeem" if a plaintiff makes "a clear showing of

fraud, or irregularity" by the defendant. *Schulthies v. Barron*, 16 Mich. App. 246, 247-48, 167 N.W.2d 784, 785 (1969); *see also Freeman v. Wozniak*, 241 Mich. App. 633, 637, 617 N.W.2d 46, 49 (2000) ("[I]n the absence of fraud, accident or mistake, the possibility of injustice is not enough to tamper with the strict statutory requirements.") (citing *Senters*, 443 Mich. at 55, 503 N.W.2d at 643). Plaintiff has standing to make this claim. Notably, the purported fraud or irregularity must relate to the foreclosure procedure. *Reid v. Rylander*, 270 Mich. 263, 267, 258 N.W. 630, 631 (1935) (holding that only the foreclosure procedure may be challenged after a sale); *Freeman*, 241 Mich. App. at 636-38, 617 N.W.2d at 49 (reversal of sheriff's sale improper without fraud, accident, or mistake in foreclosure procedure).

In the instant case, Plaintiff seeks relief in the form of an order from the Court "[g]ranting Plaintiff all legal title to the subject property[.]" (Compl.) Because the redemption period has expired, Plaintiff must make a plausible showing of fraud or irregularity to state a viable claim for the relief requested. The Court addresses fraud and irregularity in turn.

The word fraud appears once in the Complaint, (*id.* ¶ 35), and nowhere in the Complaint are allegations concerning fraud that come close to satisfying the heightened pleading burden embodied in Federal Rule of Civil Procedure 9(b). To prevail on a fraud claim in Michigan, a plaintiff is required to prove: (1) that the defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff

8

acted in reliance upon it; and (6) that he thereby suffered injury. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976) (internal quotations omitted). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy this standard, a claimant must "(1) specify the statements the plaintiff contents were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent." *Louisiana School Employees' Ret. Sys. v. Ernst & Young, L.L.P.*, 662 F.3d 471, 478 (6th Cir. 2010).

The Complaint alleges that Plaintiff spoke with an agent of Defendant as recently as September 26, 2012, that this agent indicated that property owners have a chance to redeem before eviction, and that Plaintiff relied on this statement to her detriment. (Compl. ¶¶ 11-13.) Not only has Plaintiff failed to identify the speaker, but she fails to explain how the statement is fraudulent. Homeowners may redeem before eviction provided that they redeem within the redemption period.

Moreover, the only suggestion of irregularity is that Plaintiff was attempting to negotiate a loan modification before and after the sheriff's sale. (*Id.* ¶¶ 6-8.) Even when construed in the light most favorable to Plaintiff, these allegations do not constitute an irregularity. Plaintiff alleges that "the action of the Defendants [*sic*] was intentionally designed to preclude the Plaintiff from entering into a Loan Modification or a negotiated settlement to keep possession of her home." (*Id.* ¶ 12.) The Complaint provides no factual basis to support this assertion and such conclusory allegations do not suffice to survive a Rule 12(b)(6) motion.

9

**B.    Plaintiff's Claims**

*1.    Count I – Quiet Title*

Plaintiff seeks to set aside the sheriff's sale and have the Court declare that she has legal title to the property.  A quiet title action is an attempt to establish a substantive right in property.  *Beach v. Twp. of Lima*, 489 Mich. 99, 110, 802 N.W.2d 1, 8 (2011).  Quiet title actions in Michigan are statutory in nature.  The law provides that "[a]ny person . . . who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action . . . against any other person who claims . . . [an inconsistent interest.]"  Mich. Comp. Laws § 600.2932(1).  In order to establish superior title, Plaintiff bears the initial burden of proof and must establish a *prima facie* case of title.  *Stinebaugh v. Bristol*, 132 Mich. App. 311, 316, 347 N.W.2d 219, 221 (1984) (citation omitted).  "Establishing a *prima facie* case of title requires a description of the chain of title through which ownership is claimed."  *Sembly v. U.S. Bank, N.A.*, No. 11-12322, 2012 U.S. Dist. LEXIS 1440, at *9 (E.D. Mich. Jan. 6, 2012) (Rosen, C.J.).

Here, Plaintiff has not alleged facts establishing a *prima facie* case of title.  Plaintiff merely asserts, without further documentation or supporting facts, that she acquired title to the property by way of an executed warranty deed and that Defendant claims a fee simple interest pursuant to the sheriff's deed.  (Compl. ¶¶ 3-4.)  These allegations do not describe a chain of title nor do the allegations demonstrate a superior chain of ownership in Plaintiff's favor.  As in *Rydzewski v. Bank of New York Mellon*, "Plaintiff does not contest that [s]he failed to pay and defaulted on the loan.  [S]he provides no allegations to indicate that [s]he has a plausible claim of ownership superior

10

to the Bank's."  No. 12-12047, 2012 U.S. Dist. LEXIS 129955, at *10 (E.D. Mich. Sept.

12, 2012) (Cohn, J.).  In fact, Plaintiff's factual assertions indicate that Defendant has a

superior title to the Property based on the sheriff's sale and expiration of the redemption

period.  Because Plaintiff has failed to state a claim, the Court dismisses Count I.

### 2.       *Count II – Assignment of the Mortgage without the Note*

Count II asserts a claim under the theory that a mortgage may not be assigned

without the note.  The Court notes that even if the underlying indebtedness was somehow

separated from the mortgage, any such transfer has no impact on the validity of the

mortgage, particularly when there is no risk that a mortgagor will face double liability.

*Residential Funding Co. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011).  No such

facts have been pled.  Accordingly, the Court dismisses Count II.

### 3.       *Count III – Unjust Enrichment*

A claim for unjust enrichment requires a plaintiff to show a "(1) receipt of a

benefit by Defendant from Plaintiff, and (2) an inequity resulting to Plaintiff because of

Defendant's retention of the benefit."  *Belle Isle Grill Corp. v. Detroit*, 256 Mich. App.

463, 478, 666 N.W.2d 271, 280 (2003) (citation omitted).   If both elements are

established, Michigan courts will then imply a contract to prevent unjust enrichment.

*Fodale v. Waste Mgmt. of Michigan, Inc.*, 271 Mich. App. 11, 36, 718 N.W.2d 827, 841

(2006).  However, a contract will not be implied where an express contract governing the

same subject matter exists.  *Id.*

Here, Plaintiff alleges that Defendant precluded Plaintiff from receiving a loan

modification prior to foreclosure and that Defendant has been "unjustly enriched in

excess of $25,000 and Plaintiff would suffer a loss in that amount, plus the loss of the subject property as a result of attempting in good faith to modify the Loan or negotiate a settlement in order to keep possession of her home."  (Compl. ¶ 30.)  Despite pleading a benefit upon Defendant and a corresponding inequity resulting from the conferral of this benefit, Plaintiff's unjust enrichment claim fails as a matter of law.  The relationship between the parties is governed by the mortgage and note.  *Rydzewski*, No. 12-12047, 2012 U.S. Dist. LEXIS 129955, at *12-13 (rejecting claim for unjust enrichment when the rights and obligations of the parties were governed by a mortgage and note); *Moss v. Wells Fargo Bank, N.A.*, No. 11-13429, 2012 U.S. Dist. LEXIS 42858, at *20-21 (E.D. Mich. Mar. 28, 2012) (Lawson, J.) (same).  Plaintiff defaulted on the loan obligations and Bank of America, the foreclosing party, and Defendant, a party with an interest in the indebtedness, acted in accordance with their rights under the terms of the note.

As pled, the facts do not state a plausible claim for unjust enrichment and the Court therefore dismisses Count III.

**4.     *Count IV – Breach of Implied Agreement/Specific Performance***

It appears as though Plaintiff's claim for breach of an implied agreement is based on alleged statements regarding a loan modification.  Plaintiff alleges that he "was to modify the Loan or negotiate in good faith a settlement with Defendants" and that since the sheriff's sale, "Plaintiff has attempted in good faith to continue with the Loan Modification process."  (Compl. ¶¶ 32-33.)  *Rydzewski* dealt with identical allegations and found that the allegations amounted to an expression of intent, not the establishment of an implied contract.   No. 12-12047, 2012 U.S. Dist. LEXIS 129955, at *13.

12

In *Rydzewski*, the court went on to explain that the claim was barred by Michigan's statute of frauds. *Id.* Under Michigan law, any alleged promise by a financial institution to renew, extend, modify, or permit a delay in repayment or performance of loan must be reduced to a writing and signed by the financial institution to be enforceable. Mich. Comp. Laws § 566.132(2)(b). This statute precludes relief as Plaintiff has not alleged the existence of a writing that would satisfy the statute of frauds.

For these reasons, Plaintiff fails to state a claim in Count IV of her Complaint.

**5.     *Count V - Breach of Michigan Compiled Laws § 600.3205(c)***

Plaintiff's last count is that Defendant violated Michigan Compiled Laws § 600.3205c, which establishes rules for the parties to a mortgage to engage in loan modification discussions. Plaintiff alleges that Defendant failed to comply with this statute because Defendant "failed to modify Plaintiff's mortgage." (Compl. ¶ 38.)

Although Defendant has provided the Court with documentation that Plaintiff contacted a housing counselor pursuant to § 600.3205b, Plaintiff has not alleged facts indicating that the required documentation was ever submitted, an event which would trigger the statutory provision at issue. *See* Michigan Compiled Laws § 600.3205c(1).

Plaintiff fails to state a claim for additional reasons. Notably, the loan modification statute "does not require Chase to modify any specific loan, and it does not provide any basis for unwinding the foreclosure." *Ellison v. JPMorgan Chase, N.A.*, No. 12-12629, 2012 U.S. Dist. LEXIS 142386, at *13 (E.D. Mich. Oct. 2, 2012) (Cohn, J.); *see also Benford v. CitiMortgage, Inc.*, No. 11-12200, 2011 U.S. Dist. LEXIS 130935, at *5 (E.D. Mich. Nov. 14, 2011) (Duggan, J.) ("[T]he statute does not permit the Court to

13

set aside a completed foreclosure sale."). Rather, the sole remedy in the statute for commencing a foreclosure in violation of the loan modification procedures is for the mortgagor to convert a foreclosure by advertisement into a judicial foreclosure before it is completed. Mich. Comp. Laws § 600.3205c(8). In the instant action, however, the foreclosure is complete. Even assuming Plaintiff was entitled to a loan modification, which she has not pled, she cannot obtain the relief she seeks because the Court is without authority to set aside the foreclosure sale in this case.

Count V of Plaintiff's Complaint is therefore dismissed for failure to state a claim.

## IV.    CONCLUSION AND ORDER

For the reasons set forth above, the Court concludes that Plaintiff's Complaint fails to state a claim for relief for any of the five counts included therein.

Accordingly,

**IT IS ORDERED THAT**, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.


Date: March 27, 2013                    s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE


Copies to:
**Renette Jackson**
**Jeffrey T. Goudie**

14